JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ross Akselrad
Pulse Entertainment, Inc.

## DEFENDANTS
Anthony Camuccio
All-In Entertainment

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Neil A. Morris, Brian M. Collins
Offit Kurman, 1801 Market Street, Suite 2300
Philadelphia, PA 19103

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☒ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

❏ 2  Removed from
       State Court

❏ 3  Remanded from
       Appellate Court

❏ 4  Reinstated or
       Reopened

❏ 5  Transferred from
       Another District
       *(specify)*

❏ 6  Multidistrict
       Litigation -
       Transfer

❏ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1125 et seq.
Brief description of cause:
Misappropriation of trade secrets, intellectual property, and breach of contract by former partner

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/21/2017

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 43 Steamwhistle Dr. Ivyland, PA 18974

Address of Defendant: 738 Magie Ave., Elizabeth, NJ 07208

Place of Accident, Incident or Transaction: Eastern Pennsylvania is the place of transaction, incidents related to transaction occurred in Eastern Pennsylvania + New Jersey

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

*RELATED CASE, IF ANY*:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Trademark

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Brian M. Collins , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 7/21/17   _____ Attorney-at-Law   208159 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/21/17   _____ Attorney-at-Law   208159 Attorney I.D.#

CIV. 609 (5/2012)

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVNIA*

| | |
|---|---|
| *Ross Akselrad, in his individual capacity and in his capacity as owner of Pulse* : | CIVIL ACTION |
| : | |
| *And* : | |
| : | |
| *Pulse Entertainment, Inc.* : <br> *Plaintiffs* : | *No. 17-* |
| : | |
| **v.** : | |
| : | |
| *Anthony Camuccio, in his individual capacity and in his capacity as owner of All In Entertainment* : | |
| : | |
| *And* : | |
| : | |
| *All-In Entertainment* : <br> *Defendants* : | |
| : | |

## COMPLAINT

AND NOW, Plaintiffs by and through their counsel, Offit Kurman, allege as follows:

### A. PARTIES

1.  Plaintiffs Ross Akselrad ("Akselrad") and Pulse Entertainment, Inc. ("Pulse") (collectively "Plaintiffs") are residents of, and operate in, Pennsylvania with a principal place of business of 43 Steamwhistle Dr., Ivyland, PA 18974.

2.  Defendants Anthony Camuccio ("Camuccio") and All In Entertainment ("All In") (collectively "Defendants") are residents of, and operate in, New Jersey with a principal place of business of 738 Magie Ave., Elizabeth, NJ 07208.

## B. PRELIMINARY STATEMENT

3.    Plaintiffs Pulse and Akselrad bring this suit for breach of contract, state and federal
trademark infringement, theft of trade secrets, and breach of fiduciary duty against
Defendant Camuccio and his company, Defendant All In.

4.    Plaintiffs own and operate a premium live entertainment business which provides music,
emcees, disc jockeys, dancers, event set up, and other entertainment services for
weddings, fundraisers, corporate events, bar/bat mitzvahs, along with other special
occasions.

5.    This case arises out of the break down in a partnership agreement (the "Agreement")
between Plaintiffs, and Camuccio. The Agreement allowed Camuccio to use Pulse
intellectual property to expand the business of Pulse as "Pulse New Jersey", a division of
Pulse ("Pulse New Jersey"). In exchange for the rights that Camuccio received under the
Agreement, he would receive a share of the proceeds paid to Pulse New Jersey.

6.    Camuccio, as a partner of Akselrad's, owed the Plaintiffs his best efforts to grow the
Pulse brand. Camuccio had no right to divert business to his personal side business, All
In, for his illicit personal profit, nor did he have the right to use Pulse intellectual
property to promote All In.

7.    The Agreement provided, inter alia, that the Defendant promised to pay 75% of all
proceeds paid to Pulse New Jersey to Mr. Akselrad as his partner.

8.    Despite his obligations, his promises, and his knowledge that the Pulse name and
intellectual property did not belong to him, Camuccio intentionally diverted clients and
funds to All In and has failed to pay Pulse and Mr. Akselrad in accordance with the

Agreement. The Defendants continue to use the Pulse name without consent and without providing appropriate compensation.

## C. JURISDICTION

9.  Plaintiffs bring federal and state law claims, including breach of contract, theft of trade secrets, state law trademark dilution, and violations of the Lanham Act.

10. The parties are domiciled in different jurisdictions, and the damages at issue exceed $75,000. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1332. Plaintiffs further invoke supplemental jurisdiction under 28 U.S.C. § 1367 (a) to hear and decide claims under state law.

## D. VENUE

11. Venue is proper in Pennsylvania because the parties entered into the Agreement in Pennsylvania, Plaintiff Pulse is a Pennsylvania company, Plaintiff Akselrad resides in Pennsylvania, and many of the witnesses and records are in Pennsylvania.

## E. FACTS

12. Plaintiff Akselrad has owned an entertainment business since 1994, working to build up and establish his brand and reputation. He has owned and operated Pulse since 1999.

13. Plaintiffs' clients and customers know Akselrad in the field for high quality entertainment services for weddings, bar and bat mitzvahs, corporate events, charity events, and other large parties, and they associate Akselrad with Pulse. Pulse has obtained secondary meaning in the entertainment field and conducts business in both Pennsylvania and New Jersey. Pulse has done business in New Jersey for more than 15 years, providing entertainment for more than 500 events in New Jersey during that time.

14.     In or about November 2015, to expand its New Jersey business, Plaintiffs entered into a partnership with Defendant Camuccio.

15.     The terms of the partnership agreement (the "Agreement") gave Camuccio a 25% share of the proceeds from any business booked through Pulse New Jersey, and Plaintiffs a 75% share. *See* Ex. A, the Agreement.

16.     Defendant Camuccio was required to devote all his time and effort into Plaintiffs' business and to help expand it. He was not permitted to operate his personal, competing side business, and as a partner, Camuccio owed Plaintiffs his complete and focused efforts within the business. Despite Camuccio's promises, and his fiduciary duties, he violated the Agreement and his duties by secretly diverting Plaintiffs' business and business leads for the Defendants' illicit benefit.

17.     Camuccio made the promises in the Agreement, including the promise of partnership and the loyalties owed in a partnership, knowing that the promises were false because he had no intention of fulfilling them. Camuccio intended to mislead Plaintiff Akselrad by making these promises so that Akselrad would rely on these promises to his detriment by allowing Cammucio to use the Pulse name and other intellectual property.

18.     On or about March 15, 2017, Plaintiffs ended their Agreement with Camuccio, upon learning that he had diverted clients and leads to his own business, Defendant All In. Camuccio was not paying the agreed 75% share back to Plaintiffs. Plaintiffs also discovered, over the course of the next several months, that the Defendants possessed and used Pulse intellectual property to promote Defendants' entertainment business without permission.

19.   Camuccio booked entertainment business, clients, and events from contacts developed by Pulse resulting from Plaintiffs' paid advertising and marketing efforts. In addition, Camuccio used, and continues to use, intellectual property, including but not limited to Plaintiffs' goodwill, to promote his business by, among other things, using the email address pulseentnj@gmail.com, using the Pulse name, using photos and other promotional materials created by Pulse from Pulse events, and using Pulse contact and customer lists to obtain new engagements.

20.   Defendant Camuccio has repeatedly acknowledged the existence of the Agreement and that he was a 25% partner in Pulse New Jersey.

21.   On June 16, 2017, Plaintiffs sent a cease and desist and demand letter to Camuccio. *See* Ex. B 6/16/17 letter.

22.   Plaintiffs demanded that Defendants cease using the Pulse name, pay funds owed to Plaintiffs under the Agreement, and demanded that Camuccio provide an accounting.

23.   Despite the clear warnings in the June 16 letter, and several follow up emails to cease representing himself as Pulse affiliated, diverting business to Defendant All In, and demanding payment for the previous events where he owed compensation to Pulse, Camuccio has ignored these warnings and continues to use Pulse intellectual property to promote All In without permission or right.

24.   Plaintiff Akselrad also learned, in furtherance of his fraudulent promises already recited in paragraph 17 above, that Defendant Camuccio has used and continues to use the Pulse name and logo on a squareup.com credit card account in order to fraudulently induce potential clients into paying Camuccio while believing that they are paying Plaintiffs.

25.   The ongoing and continued use of Pulse trademarks in violation of the Agreement and
      Camuccio's fiduciary duties irreparably harms the Plaintiffs and their reputation, which
      establishes that monetary damages alone are not adequate to compensate Plaintiffs who
      require injunctive relief as well.

### COUNT I – BREACH OF CONTRACT
*Plaintiffs v. Camuccio*

26.   The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully
      set forth herein in their entirety.

27.   The Plaintiffs entered into the Agreement with Camuccio in or about November 2015.

28.   The Plaintiffs performed their portion of the Agreement by providing the necessary
      support required for Camuccio to succeed – allowing use of Pulse confidential and
      proprietary information, allowing use of Pulse trademarks and promotional materials,
      among other support.

29.   Camuccio has breached the Agreement by posing as affiliated with Pulse when he is no
      longer affiliated with Pulse, failing to pay Pulse and Akselrad their fair share (75%) of
      proceeds as required by the Agreement, and continuing to use proprietary advertising,
      images, trademarks and tradenames even after the Agreement ended on or about March
      15, 2017.

30.   The Plaintiffs have been damaged and continue to suffer damages, including but not
      limited to loss of payments owed, diminution in value of the Pulse trademarks, and other
      continuing and on-going losses.

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive
damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and
appropriate.

## COUNT II – TRADEMARK INFRINGEMENT
## LANHAM ACT VIOLATION (15 U.S.C §1125, et. seq.)
### Plaintiffs v. Camuccio and All In

31.   The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully set forth herein in their entirety.

32.   The Plaintiffs have several marks that have acquired secondary meaning such as Pulse Entertainment, Pulse Entertainment, Inc., Pulse Entertainment New Jersey, the Pulse logo, among others (the "Pulse Marks").

33.   Those marks signify to the consumer quality entertainment, emcee, disc jockey, and related services, in the entertainment industry. Camuccio acknowledged the value derived from the Pulse Marks since he was willing to pay the Plaintiffs 75% of the proceedings from his bookings to use those marks. Defendants have misappropriated, and continue to misappropriate, the marks, which shows the continuing value of the marks. The Plaintiffs have demanded that the Defendants cease using the marks, which the Defendants have ignored.

34.   Defendants' use of the Pulse Marks in commerce to book events, and their continued use of the Pulse Marks, demonstrates confusion in the marketplace and a likelihood of confusion, dilution or blurring as defined by the Lanham Act. As a result, the Plaintiffs have suffered, and continue to suffer damages, including but not limited to, loss of payments owed to the Plaintiffs under the Agreement, diminution in value of the trademarks, and other continuing and on-going losses. Given that the trademarks and tradenames are intangible property, not easily converted to money damages, and their continued use irreparably harms the Plaintiffs, injunctive relief is also necessary. *See* 15 U.S.C. §1125 (a) (1) (A); 15 U.S.C. §1116.

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and appropriate.

## COUNT III – TRADEMARK INFRINGEMENT
### STATE LAW VIOLATION (54 Pa. C.S. §1124)
#### Plaintiffs v. Camuccio and All In

35.   The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully set forth herein in their entirety.

36.   The Plaintiffs have several marks that have acquired secondary meaning, including the Pulse Marks, which are famous in this Commonwealth. *See* 54 Pa. C.S. §1124.

37.   Those marks signify to the consumer quality entertainment, emcee, disc jockey, and related services, in the entertainment industry. Camuccio acknowledged the value derived from the Pulse Marks since he was willing to pay the Plaintiffs 75% of the proceeds from his bookings to use those marks. Defendants have misappropriated and continue misappropriation of the marks, which shows the continuing value of the marks. The Plaintiffs have demanded that the Defendants cease using the marks, which the Defendants have ignored.

38.   Defendants' use of the Pulse Marks to book events, and their continued use of the Pulse, demonstrates confusion in the marketplace and a likelihood of confusion, dilution or blurring. As a result, the Plaintiffs have suffered, and continue to suffer damages, including but not limited to, loss of payments owed to the Plaintiffs under the Agreement, diminution in value of the trademarks, and other continuing and on-going losses. Given that the trademarks and tradenames are intangible property, not easily converted to money damages, and their continued use irreparably harms the Plaintiffs, injunctive relief

is also necessary. *See* 15 Pa. C.S. §1124. Since the Defendants caused confusion and dilution in the marketplace, and have done so intentionally, monetary relief is also appropriate under Pennsylvania law. *See* Id.

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and appropriate.

### COUNT IV – THEFT OF TRADE SECRETS (12 Pa. C.S. §5301 et. seq.)
#### *Plaintiffs v. Camuccio and All In*

39.   The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully set forth herein in their entirety.

40.   In his fiduciary position with Plaintiffs, Camuccio had access to customer lists, contact information, promotional materials, and other trade secret and proprietary information belonging to the Plaintiffs. These materials allow the Plaintiffs to have a marketing advantage over their competitors, since this specific information is not widely known in the marketplace. *See* 12 Pa. C.S. §5302.

41.   Defendant Camuccio, knowing that he was bound not to use this information for his benefit, misappropriated this information and these secrets and used them to promote Defendant All In for the Defendants' own illicit gain. *See* Id. As a result, the Plaintiffs have been damaged and continue to suffer damages, including but not limited to, loss of the payments owed to the Plaintiffs under the Agreement, diminution in value of their marks and brand, and other continuing and on-going losses. Given that the trade secrets are intangible property, not easily converted to money damages, and their continued use irreparably harms the Plaintiffs by allowing Defendants to benefit from the Plaintiffs'

investment in their trade secrets and confidential information, injunctive relief is also

necessary. *See, e.g.*, 12 Pa. C.S. §§5303 (allowing injunctive relief); 5304 (allowing for

compensatory damages and exemplary damages for willful misappropriation); 5305

(allowing for attorneys' fees for willful misappropriation).

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive

damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and

appropriate.

## COUNT V – BREACH OF FIDUCIARY DUTY
### Plaintiffs v. Camuccio

42.    The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully

set forth herein in their entirety.

43.    The Agreement refers to the relationship between the Plaintiffs and Defendant Camuccio

as a "partnership." It also divides control between Akselrad and Camuccio by referring to

them each as "shareholders".

44.    As a principal in the partnership, Defendant Camuccio, at all material times, owed a

fiduciary duty to Plaintiffs to act on their mutual behalf for the betterment of the

partnership.

45.    Defendant Camuccio's self-dealing, failure to provide an accounting, failure to cease his

unauthorized use of Pulse intellectual property, and failure to apply his best efforts to

Pulse New Jersey are violations of his fiduciary duties to the Plaintiffs.

46.    As a result, the Plaintiffs have been damaged and continue to suffer damages and

irreparable harm, including but not limited to, loss of the payments owed to the Plaintiffs

under the Agreement, diminution in value of their marks and brand, and other continuing

and on-going losses.

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and appropriate.

### COUNT VI – FRAUD
### Plaintiffs v. Camuccio

47.   The Plaintiffs hereby incorporate the above paragraphs by reference as if same were fully set forth herein in their entirety.

48.   Camuccio made representations in the Agreement and during its negotiation, including, but not limited to, his promises to partner with Plaintiffs and to pay Plaintiffs their share (75%) of the proceeds from Pulse New Jersey. Camuccio knew those representations were false because he had no intention of fulfilling them, knew that Plaintiffs would rely on them, and Plaintiffs did rely on them to their detriment.

49.   Plaintiffs allowed Camuccio to use the Pulse Marks, gave him access to confidential information, and entrusted him with their business. In response, Camuccio fraudulently used the Pulse Marks to benefit himself and Defendant All-In, including use the Pulse logo and name to induce customers to pay him when they believe they have paid Plaintiffs.

50.   As a result of this fraud, the Plaintiffs have been damaged and continue to suffer damages and irreparable harm, including but not limited to, loss of the payments owed to the Plaintiffs under the Agreement, diminution in value of their marks and brand, and other continuing and on-going losses.

WHEREFORE, the Plaintiffs request that this Court award damages exceeding $75,000, punitive damages, injunctive relief, attorneys' fees, costs, and such other relief deemed just and appropriate.

Respectfully submitted,

Neil A. Morris (I.D. No. 29289)
Brian M. Collins (I.D. No. 208159)

*Attorneys for Plaintiffs*

*OF COUNSEL:*

*OFFIT KURMAN, P.A.*
*1801 Market Street*
*Suite 2300*
*Philadelphia, PA 19103*
*(267) 338-1300 (Telephone)*
*(267) 338-1335 (Fax)*
*nmorris@offitkurman.com*
*bcollins@offitkurman.com*

*DATE: July 21, 2017*

# EXHIBIT A



Ross Akselrad <ross@pulseyourparty.com>

## New Terms

5 messages

**Anthony Camuccio <pulseentnj@gmail.com>**                          Tue, Aug 2, 2016 at 6:23 PM
To: Ross Akselrad <ross@pulseyourparty.com>

Here is a breakdown of our terms as per our discussion this afternoon:

- Anthony and Ross have agreed to continue with the Pulse North Jersey branch of Pulse Entertainment. Under the original terms Anthony's "salary", or bi weekly compensation as Managing Partner of the North Jersey branch, is as follows:        $220.00 to be paid on a biweekly basis via direct deposit for running and operating the North Jersey Branch $165.00 of the entirety of compensation Ross is responsible for while as he is %75 owner of Pulse North Jersey where as Anthony is responsible for paying $55.00 or %25 per his partnership dictates.
- As a result of these terms, which went into effect as of 11/25/15,  a balance, minus deposits received within that time period,  has built up as "owed" to Pulse Entertainment or Ross totaling $1964.00 ( as of Pay Period ending on August 2,2016
- Therefore, new financial terms of a %75/%25 split of the Pulse North Jersey branch where Ross is the primary shareholder at %75 and Anthony secondary at %25 have to be implemented. Those terms are as follows as negotiated and agreed upon via a phone conversation this afternoon:
- Any party booked or sold that requires a deposit, will continue to be put into a joint account for the North Jersey office. Said deposits and balances will go towards paying down the current balance and any future balances owed to Pulse Philadelphia in lieu of a continued agreed upon salary of $220.00 biweekly.
- Also, Anthony agrees that a portion of his pay on future events booked and assigned too will be levied against the balance owed. An example of this is the September 24th 2016 event of Loren Hsu where Anthony is scheduled as the emcee and to be paid his usual emcee pay ranging from $500-$800...Instead of receiving the entirety of his pay he would receive a portion that he and Anthony agree upon separately. The same would be applied towards gigs where Anthony is Disc Jockey.
- In addition, Anthony agrees that he will work multiple gigs over the course of the year where is not paid in the conventional sense, where he received a paycheck for services rendered on that day rather the either the entire pay or a portion of that he would receive would be designated to the above mentioned salary, either paying back a balance owed or in lieu of future debts owed to Pulse North Jersey. An example would be a gig is booked with an Emcee in the North Jersey area and Anthony agrees to DJ knowing he won't receive his entire "DJ pay" but use some of if not all of what he would have made as a pay back to the partnership.
- The only stipulation of said terms mentioned above is that Anthony and Ross are able to discuss paying back debts owed on a per party basis so that all of the fees to be paid out in a conventional method are not entirely levied towards debts owed, In other words, so that Anthony's entire pay is not going towards paying back or paying forward. Obviously this will be much easier as gigs are booked and more money is made available in the Pulse North Jersey account, but, reasonable accommodations should be made by both Ross and Anthony and agreed upon prior to the disbursement of any funds either via paycheck or towards the business.

Please let me know if this is feasible for you moving forward

--
*Thank you in advance,*
*Anthony Camuccio*
*Managing Partner/Master of Ceremonies*
*Pulse Entertainment North Jersey Division*
*738 Magie Ave*
*Elizabeth Nj 07208*
*(551) 587-8676*
(267) 994-1340
*pulseentnj@gmail.com*

### #LETUSSHOWYOUWHY

**(Follow us on Twitter)**
https://twitter.com/Pulseyourparty

6/6/2017      Pulse Entertainment Mail - New Terms

Case 2:17-cv-03270-PD   Document 1   Filed 07/21/17   Page 17 of 23

**(Subscribe to us on YouTube)**
https://www.youtube.com/user/pulseyourparty/videos
**(Like us on Facebook)**
https://www.facebook.com/pulseyourpartynj
https://www.facebook.com/pulseyourparty
**(Follow us on Instagram)**
http://instagram.com/pulseyourparty
**(Follow us on Vine)**
https://vine.co/u/1063357853307412480
**(Check out our website)**
*www.PulseYourParty.com*
**(Check out our Photography and Videography Options!)**
http://www.serendipityphotoandvideo.com/#/Home
**(Check out our Exclusive Stylist for any event @ Salon La De Da)**
http://www.salonladeda.com/
**(Check out our reviews on Wedding wire)**
http://www.weddingwire.com/reviews/pulse-entertainment-north-jersey-elizabeth/d097f6730b4f96ff.html
**(Check out our reviews on The Knot)**
http://www.theknot.com/Vendors/Pulse-Entertainment-North-Jersey/Profile/DJS/073/770207/Profile?g=0

### Demo Videos

**My Demo's**
https://www.youtube.com/watch?v=4tkQamPsU-4
*http://vimeo.com/26358796*
*http://vimeo.com/26542017*

**(Tap-Snap Interactive Photo-Booth)**
https://vimeo.com//67822719

https://www.youtube.com/watch?v=GW3EDK27p4Y

---

Ross Akselrad <ross@pulseyourparty.com>                         Tue, Aug 2, 2016 at 6:31 PM
To: Anthony Camuccio <pulseentnj@gmail.com>

I will read it tomorrow. On a call now.
[Quoted text hidden]
--
**Musically and Memorably Yours,**

**Ross Akselrad**
**President**
**Pulse Entertainment/Serendipity Studios**
**"You Will See, Feel, and Know the Difference. You Will See Why We Are The Best!!!"**
**Pulse Phone: 215-354-1060**
**Pulse North Jersey: 551-587-8676**
**Pulse Website: www.pulseyourparty.com**
**Facebook: facebook.com/pulseyourparty**
**Twitter: twitter.com/PulseYourParty**
**Youtube: youtube.com/pulseyourparty**
**Instagram: instagram.com/pulseyourparty/**

**Serendipity Phone: 215-354-1140**
**Serendipity Facebook: www.facebook.com/serendipitystudios215**
**Serendipity Website: www.serendipityphotoandvideo.com**

---

Ross Akselrad <ross@pulseyourparty.com>                         Wed, Aug 3, 2016 at 11:51 AM
To: Anthony Camuccio <pulseentnj@gmail.com>

Here are my revisions. I simplified a lot of the stuff. The only thing missing is my salary. it says here that you get a
salary but partners usually both get a salary. Since we haven't had money to give me a salary, i have not taken one but
if we are going to do official paperwork, i need to have a salary in there too to protect me. Thoughts

https://mail.google.com/mail/ca/u/0/?ui=2&ik=8266df1bbb&view=pt&q=pulseentnj%40gmail.com&qs=true&search=query&th=15651f0155f4a47e&siml=1564d5b...  2/3

[Quoted text hidden]

---

📄 **PulseNorthJerseyTerms.docx**
24K

---

**Anthony Camuccio <pulseentnj@gmail.com>**                                        Wed, Aug 3, 2016 at 3:42 PM
To: Ross Akselrad <ross@pulseyourparty.com>

Right I agree, how does that work in terms of what we have or what is owed like does that change anything, im confused as to what exactly that implies, like we are both paying into the 220, but would we both be paying into yours and is it that same salary requirements that i have

[Quoted text hidden]

---

**Ross Akselrad <ross@pulseyourparty.com>**                                        Wed, Aug 3, 2016 at 3:45 PM
To: Anthony Camuccio <pulseentnj@gmail.com>

thats what we have to chat about because if i have a salary that is equal to yours, then that doubles the amount owed by both of us and also makes $220 biweekly backdated to November 2015 which makes this insane with the amount we now would owe.  however it is the fair thing to do but we should speak and not email about it to discuss it further.
[Quoted text hidden]

Therefore, new financial terms of a 75%/25% split of the Pulse North Jersey branch only where Ross Akselrad is the primary shareholder at 75% and Anthony secondary at 25% have to be implemented. Those terms are as follows as negotiated and agreed upon via a phone conversation on 8/2/16.

- All profits will be split when available with Ross Akselrad receiving 75% of the profit and Anthony Camuccio receiving 25% of the profit
- All debts for Pulse Entertainment North Jersey are shared between Ross Akselrad and Anthony Camuccio with Ross being responsible for 75% of the debt and Anthony being responsible for 25% of the debt.

Anthony Camuccio and Ross Akselrad have agreed to continue with the Pulse Entertainment North Jersey branch of Pulse Entertainment. Under the original terms Anthony's "salary", or bi weekly compensation as Managing Partner of the North Jersey branch, is as follows:

- $220.00 to be paid on a biweekly basis via direct deposit for running and operating the North Jersey Branch. $165.00 of the entirety of compensation Ross is responsible for as he is 75% owner of Pulse North Jersey. Anthony is responsible for paying $55.00 or 25% per his partnership dictates.

As a result of these terms, which went into effect as of 11/25/15, a balance, minus deposits received within that time period, has built up as "owed" to Pulse Entertainment or Ross totaling $2129.00 as of Pay Period ending on August 5, 2016.

Any party booked or sold that requires a deposit, will continue to be put into a joint account for the North Jersey office. These deposits and balances will go towards paying down the current balance and any future balances owed to Pulse Philadelphia and Ross Akselrad. These balances are due to Anthony's biweekly salary of $220.

Also, Anthony agrees that either a portion or entirety of his pay on future events booked or assigned to him by Ross Akselrad will be put towards this outstanding or any future debt balances due to Anthony's biweekly salary. Both parties agree to discuss Anthony's pay on any gigs to decide if a portion or the entirety of his pay for performing at those gigs will be put towards the outstanding or future debts.



# EXHIBIT B



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON. DC

*Neil A. Morris, Esquire*
*(267) 338-1383 (Direct Dial)*
*(267) 338-1335 (Facsimile)*
*nmorris@offitkurman.com*

June 16, 2017

Mr. Anthony Camuccio
738 Magie Avenue
Elizabeth, NJ 07208

> ***Re:***   ***Pulse Entertainment, LLC and Ross Akselrad v. Anthony Carmuccio --***
> ***Unauthorized Use of Pulse Name and Diversion of Customers in Violation of***
> ***Partnership Agreement with Pulse Entertainment***

Dear Mr. Camuccio:

As we discussed on the telephone, our office represents Pulse Entertainment, LLC and Ross Akselrad (collectively, "Pulse") in their claims against you over your misappropriation of the Pulse name and diversion of customers from Pulse for your personal business. These actions violate the terms of your partnership agreement with Pulse (the "Agreement") as well as your fiduciary duties to them.

In or around November 2015, you entered into a partnership with Pulse. As part of that Partnership Agreement, both you and Pulse agreed to operate a "Pulse New Jersey" branch of Pulse. Through that agreement you became a 25% owner of Pulse New Jersey with Ross Akselrad owning the remaining 75%. Your compensation, as set forth in the Agreement, was $165 in salary biweekly plus 25% of any profits received from Pulse New Jersey. You were the primary employee and operator of Pulse New Jersey. You were responsible also for 25% of any of the debts. Additionally, you received the right to use the Pulse name for promotion of Pulse New Jersey DJ and entertainment services and for no other purpose or business.

This partnership Agreement established a fiduciary relationship between yourself, Mr. Akselrad and Pulse. Hence, you were not permitted to take actions against the best interests of the partnership or your partner. Despite this relationship, and the clear terms of your Agreement, on several occasions over at least the past year and a half, you have blatantly and willfully used the Pulse name to surreptitiously and deviously divert customers/jobs to your personal side business



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

Mr. Anthony Camuccio
June 16, 2017
Page 2

to the exclusion of Pulse. You did not report or account for these jobs nor share the profits as required by your Agreement. Meanwhile, you were asking that Mr. Akselrad agree to an increased advertising budget, which he did, spending thousands of dollars to promote Pulse New Jersey. When Mr. Akselrad commented to you that Pulse New Jersey was not adding business despite the advertising increase, you did not tell him you were taking this business on the side.

These actions are in violation of your Agreement and your duties. In addition, you violated Pulse's trademark and intellectual property rights by using the Pulse name to promote your own services without Pulse's permission and without compensation.

Pulse demands that you do the following:

1.  agree in writing to cease using the Pulse name for all purposes;

2.  provide a list of and disclose any jobs you have performed during your relationship with Pulse so that Pulse may identify the jobs where you have not paid a portion of the profits to Mr. Akselrad;

3.  provide a full accounting;

4.  pay Pulse the proper sums due (75%) of the misappropriated jobs.

In the accounting, you may designate jobs that you believe you were entitled to do on your own because they are a close personal contact of yours such as a family member.

Further, your misappropriation of the Pulse name and trademarks, (*eg.* intellectual property) subjects you to additional damages and fees. While you said in our telephone call on June 6, 2017 that you were no longer using the Pulse name, we need that in writing as well as the other items mentioned above. If you do not immediately agree to the above, Pulse

the perfect legal partner•     Ten Penn Center | 1801 Market Street | Suite 2300 | Philadelphia, PA 19103 | 267.338.1300     offitkurman.com



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

Mr. Anthony Camuccio
June 16, 2017
Page 3

intends to bring an action against you and your business seeking an injunction as well as damages and attorney's fees. I suggest you or your attorney contact me or Brian Collins immediately to reach an agreement or we intend to file suit in ten (10) days.

Very truly yours,

NEIL A. MORRIS,
Chair, Labor & Employment Group
Philadelphia Regional Office

NAM/rm

*Via U.S. Mail and Email*